IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| ABDU JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | 1:23-CV-00272-SPB |
| | ) | |
| vs. | ) | SUSAN PARADISE BAXTER |
| | ) | United States District Judge |
| DR. DAVID SMITH, CRNP LESLIE, | ) | |
| | ) | RICHARD A. LANZILLO |
| Defendants | ) | Chief United States Magistrate Judge |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | ON DEFENDANT LESLIE'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| | ) | RE: ECF NO. 56 |

## I.    RECOMMENDATION

For the following reasons, it is respectfully recommended that the Court grant Defendant Andrew Leslie's motion to dismiss the claims against him based on the Third-Party Release of the Wellpath Holdings, LLC confirmed Bankruptcy Plan.

## II.    REPORT

### A.    Relevant Procedural History

Plaintiff Abdu Jackson ("Jackson") commenced this action against several prison officials and medical providers challenging the adequacy of medical care he received during his prior incarceration at the Pennsylvania Department of Corrections' State Correctional Institution at Forest County ("SCI-Forest").[1]

---

[1] Jackson has since been paroled and is no longer in the physical custody of the Pennsylvania Department of Corrections ("DOC").

Following prior Orders, the only remaining claims are against Defendants Andrew Leslie, an employee of Wellpath, LLC ("Wellpath"), and David Smith, a private physician.[2]  Jackson seeks damages against these Defendants for medical care he received in prison that he alleges was so deficient it constituted both medical malpractice and a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  *See* ECF No. 6 (Complaint).  Defendant Leslie has moved to dismiss the claims against him based on a third-party release included in a confirmed plan of reorganization in the bankruptcy case of Wellpath's parent company.  *See* ECF No. 56.  Jackson has responded to Leslie's motion.  *See* ECF No. 66.  The motion is ripe for decision.

> B.    The Wellpath Holdings, Inc. Bankruptcy

The Court takes judicial notice of the follow facts: On November 11, 2024, Wellpath Holdings, Inc. and its affiliated companies filed petitions in the Bankruptcy Court under Chapter 11 of the United States Bankruptcy Code in the Southern District of Texas (the "Bankruptcy Cases").  *See* In re Wellpath Holdings, Inc., Case No. 24-90533 (Bankr. S.D. Tex).  Wellpath is an affiliated Debtor in the Bankruptcy Cases.  Leslie is employed by Wellpath.  *See* ECF No. 6, ¶ 7.

On May 9, 2025, the Debtors filed Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Administrative Claims Bar Date [ECF No. 2680, Case No. 24-90533] giving notice that the Plan was effective.  Under the Plan

---

[2] Wellpath is a limited liability company with which the DOC contracted to provide medical services to inmates.  By prior Orders, the Court dismissed with prejudice the claims against Defendants Wellpath, Strick, and Sharp.  *See* ECF Nos. 38, 40

and Confirmation Order, all claims and causes of action (as defined in the Plan) against Wellpath Holdings, Inc. and its affiliated Debtors have been discharged and holders of such claims and causes of action are permanently enjoined from, among other things, commencing or continuing any proceeding of any kind in connection with such claims. *See* 11 U.S.C. § 524 (a) ("A discharge in a case under this title ... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor...."). This Court previously dismissed all claims against Wellpath based on Jackson's failure to state a claim. *See* ECF No. 38.

Leslie is not a "Debtor" subject to discharge under the Plan. But the Plan also includes a "Third-Party Release" relating to claims against current and former employees of the Debtors, including employees of Wellpath. Article IX of the Plan required plaintiffs such as Jackson to "opt out" of the Third-Party Release if they wish to preserve their claims against such employees. Article IX.F of the Plan provides that holders of claims subject to the Third-Party Release who did not opt out are permanently enjoined from "commencing or continuing any action or proceeding of any kind on account of or in connection with or with respect of" any released claims. Under the Plan, any Holder of a Claim who is or was an incarcerated individual had until July 30, 2025 to opt-out of the Third-Party Release. Jackson has not asserted or produced any evidence that he opted out of the Third-Party Release.

C.    Discussion

Based on the current record, Jackson's claims against Leslie are barred by the Plan's Third-Party Release and should be dismissed on that basis.    The Court notes, however, that other plaintiffs whose claims have been determined to be barred by failing to opt out of the Third-Party Release have argued that they did not receive proper notice of the Bankruptcy confirmation order.  *See e.g., Windom v. Malhi*, 2026 WL 523081, at *2 (M.D. Pa. Feb. 25, 2026).  In *Windom*, the District Court held that any such "argument must be asserted in the bankruptcy court." *Id.*  This is so because "the Bankruptcy Court retains jurisdiction over all matters arising out of, or relating to, the Chapter 11 cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code in accordance with the Plan, including Article XII." *Id.* (citing Plan and *Guggenheimer v. Wellpath*, LLC, 2025 WL 3008148, at *4 (M.D. Pa. Oct. 27, 2025) (finding that this provision of the plan requires plaintiffs asserting lack of notice to pursue that argument in the bankruptcy court)).  If Jackson later produces evidence that he timely opted out of the Third-Party Release or the Bankruptcy Court finds that his claims are properly reopened based on lack of notice, Jackson may assert this in a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59 or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.

D.    Conclusion

For the foregoing reasons, Defendant Andrew Leslie's Motion to Dismiss (ECF No. 56) should be granted.

III.    Notice Concerning Objections

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 16th day of April 2026.

BY THE COURT:

_____

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

5