IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | | |
|---|---|---|
| ABDU JACKSON, | ) | 1:23-CV-00272-RAL |
| Plaintiff | ) | |
| vs. | ) | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| DR. DAVID SMITH, | ) | MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS |
| Defendant | ) | ECF NO. 61 |

Defendant David Smith ("Dr. Smith") has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's medical malpractice claim against him because Plaintiff has failed to file a "certificate of merit" in support of this claim. *See* ECF Nos. 61, 62. Because Pennsylvania's certificate of merit requirement has been determined not to apply in actions filed or pending in federal court, Dr. Smith's motion will be denied.

## I. Background

Plaintiff Abdu Jackson ("Jackson") commenced this pro se civil rights action against Dr. David Smith and several other healthcare professionals who provided medical services to inmates at the State Correctional Facility at Forest, where Jackson was previously incarcerated. *See* ECF No. 6. Jackson alleges that he suffered from serious osteoarthritis in his left hip during his incarceration. Among other claims, he asserts a professional negligence/medical malpractice claim against Dr. Smith based on allegations that the care he provided for Jackson's condition fell

below the applicable standard of care. *See id.* This is the sole remaining claim against Dr. Smith.[1] He now seeks dismissal of this claim.

II. Discussion

In support of his motion to dismiss, Dr. Smith argues that Jackson's medical malpractice claim against him must be dismissed because he did not submit a certificate of merit under Pennsylvania Rule of Civil Procedure 1042.3, 231 Pa. Code Rule 1042.3. *See* ECF No. 62. When Dr. Smith filed his motion, his position was supported by controlling precedent from the United States Court of Appeals for the Third Circuit holding that Rule 1042.3 is a substantive rule of law that federal courts must apply when presented with a professional negligence claim under Pennsylvania law. *See Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015); *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). But the continued validity of this precedent became suspect when the Supreme Court issued its decision in *Berk v. Choy*, 607 U.S.187 (2026). In *Berk*, the plaintiff sued a hospital and physician for medical malpractice under Delaware law in federal court based on diversity of citizenship jurisdiction. The district court dismissed the plaintiff's medical malpractice claim because he failed to comply with a provision of Delaware law that prohibited a plaintiff from suing for "medical malpractice unless an affidavit of merit 'accompanie[s]' the complaint." *Id.*, 146 U.S. at 187 (quoting Del. Code, Tit. 18, § 6853(a)(1) (2025)). The Delaware statute specifies that the affidavit must be signed

[1] The Court previously dismissed Jackson's Eighth Amendment claim against Dr. Smith. *See* ECF No. 40.

by a medical professional and state that there are "reasonable grounds to believe that there has been health-care medical negligence committed by each defendant." *Id.* (quoting Del. Code, Tit. 18, § 6853(a)(1)). The Third Circuit affirmed, holding that the Delaware law was substantive and that federal courts were therefore required to apply it to malpractice claims under Delaware law. *Id.* (citing Berk v. Choy, 2024 WL 3534482, at *4 (3d Cir. July 25, 2024)).

The Supreme Court reversed. The Court first noted that when a provision of the Federal Rules of Civil Procedure governs a particular procedural question, any contrary state rules of procedure are displaced and may not be enforced in federal court. *Id.* at 192-93 (citing *Hanna v. Plumer*, 380 U.S. 460, 469-74 (1965); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). The Court then held that the Delaware law conflicted with Federal Rule of Civil Procedure 8(a)(2), which "requires only a short and plain statement of the claim" for a complaint to state a claim upon which relief may be granted. *Id.* at 194 (internal quotation marks omitted) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993)). As the Court explained, Rule 8 "sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims" at the pleading stage. *Id.* The filing of an affidavit of merit as a condition to bringing a medical malpractice claim exceeded the requirements of Rule 8 and therefore did not apply in federal court. *Id.*

Rule 1042.3 is similar in application to the Delaware law at issue in Berk. It requires a plaintiff pursuing a malpractice or professional negligence claim under

Pennsylvania law to file a certificate of merit as a condition to proceeding with the claim. *See* Pa. R. Civ. P. 1042.3(a). The certificate of merit must state that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm" or that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." *Id.* at (a)(1)-(3). The plaintiff must file a certificate of merit for each professional defendant named in the action. *Id.* at (b)(1). Every district court to address the issue since the Supreme Court decided *Berk* has held that *Berk* abrogated *Schmigel*, 800 F.3d at 118 and *Liggon-Redding*, 659 F.3d at 264-65, and that the certificate-of-merit requirement of Rule 1042.3 no longer applies in professional negligence and malpractice actions in federal court.[2] *See e.g., Allen v. Voorstad*, 2026 WL 184276, at *3 (M.D. Pa. Jan. 23, 2026); *Aycock v. Malhi*, 2026 WL 312724, at *6 (M.D. Pa. Feb. 5, 2026); *Ruzbacki v. Newhaven Ct. at Clearview*, 2026 WL 380968, at *5 (W.D. Pa. Feb. 11, 2026) (Stickman, J.).

III. Conclusion

[2] Pennsylvania's certificate of merit rule differs from the Delaware affidavit of merit requirement in that the latter requires the affidavit to be filed with the complaint, while Rule 1042.3(a) requires the certificate of merit to be filed "with the complaint or within sixty days after the filing of the complaint." This difference, however, does not negate the application of *Berk*'s reasoning to Rule 1042.3 because the sixty-day window for compliance still maintains the certificate-of-merit requirement as a threshold pleading obligation beyond the "short and plain statement" required by Rule 8(a). See *Redman v. Irwin*, 2026 WL 693884, at *4 (W.D. Pa. Mar. 12, 2026). Furthermore, the Delaware affidavit-of-merit law also allows for a "60-day extension for the time of filing the affidavit of merit." Del. Code, Tit. 18, § 6853(a)(2). This 60-day allowance for filing the affidavit of merit did not solve the conflict between the law and Rule 8(a) as determined by the Supreme Court in *Berk*.

Because Pennsylvania's requirement of a certificate of merit as a condition to maintaining a professional negligence or malpractice claim does not apply in federal court, the Court will therefore deny Dr. Smith's motion to dismiss Jackson's medical malpractice claim based on this requirement.

DATED this 3rd day of September, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE